ROBERT L. BLAND, Judge.
In this proceeding claimant seeks to obtain an award of the public revenues in the sum of $10,000.00 to compensate her for personal injuries suffered in an accident which she maintains occurred on a state-controlled highway in Wayne county, West *87 Virginia. She is the wife of Boyd Watts, a farmer, who resides on a tract of land near Genoa, on what is known as Big Lyrm Creek. She represents that the state of West Virginia owns a stretch of road approximately six miles in length, called the Napier Ridge Road, which is a connecting link between West Virginia state routes Nos. 37 and 52, and contends that said stretch of road is the most praticable route to be used by herself and other members of her family in traveling to and from her home to a farm owned by her son and operated in part by claimant’s husband.
On the 21st day of June, 1949, petitioner’s husband, the said Boyd Watts, had occasion to go from his home to the home of his son in conjunction with whom he operated a farm on Napier Ridge Road. The method of travel was a wagon, drawn by two horses and driven by claimant’s husband. It was decided that claimant should accompany him. She concluded that while her husband attended to other affairs she could do the family laundry on a machine recently purchased.
The route traveled was the Big Lynn Creek Road. At the point where this road intersects with the Napier Ridge Road there is a short turn, well defined by continuous travel. This small stretch of road was used in proceeding from the Big Lynn Road to the Napier Road. Between five and six o’clock in the evening of that day when claimant and her husband were ready to return to their home they decided to take their small grandchild with them for a short visit. When the wagon reached the point of intersection between Big Lynn Road and Napier Ridge, a parked ear was observed in the roadway. This car was owned by a young man by the name of Parsons. When he observed that it was the purpose of claimant and her husband to proceed over the intersection to Big Lynn Road he left his father’s home to move the parked car so as to enable the wagon to proceed over the road. Claimant’s husband, however, said that he could travel around the car, but instead of doing so he proceeded a few feet from the intersecting road and drove over a steep and precipitous embankment on which a large rock— possibly six feet in length — was in plain view. When the wagon *88 reached lilis tuck il overturned ;ni(l 1.1 n- horses became Irighl-ened, bolted and ran away, throwing claimant, her husband and their lilile granddaughter oul. ol 1he wagon. All three were injured. The child’s shoulder was dislocal.cd, l.wo ribs ol claimant’s husband were dislocated, and claimant herself was very badly and seriously injured. Her condition necessitated protracted hospitalization and heavy expenses were incurred.
Claimant, contends that, the state road commission was negligent in the maintenance of the road where the accident happened, in allowing large and dangerous rock-to remain in the traveled portion of the highway and endangering the safety and even the lives of persons using the road. .Respondent offered evidence to show that the point, at which the accident, occurred was no part of the Big Lynn Road and in fact was not a road at all. A great mass of testimony was adduced for the purpose of establishing that the point of the accident was a public: thoroughfare. The members of the court visited the scene of the accident and made a careful observation and examination of the existing conditions. It is apparent to the court, not alone from the evidence adduced before the court upon the hearing of the claim but especially from the personal inspection of the road made by its members, that the position of claimant has not been established by evidence and that the state could not under any circumstances be called upon to compensate the claimant for the serious injuries which she received as a result of the unfortunate accident. If her husband had waited a few moments the young man who owned the parked car would have removed it in order that the wagon could proceed over the intersection to the Big Lynn Road. This was not done. As a matter of fact there was room even between the outside line of the intersecting road and the large rock, which was responsible for the accident, for the wagon to have proceeded in safety from the Napier Ridge Road to the Big Lynn Road. Moreover, the driver of the wagon could have proceeded a comparatively short distance in the direction of Stiltner and then intersected in perfect safety with the Big Lynn Road.
A claimant seeking an award in the court of claims by way of compensation for personal injuries sustained on account of *89 alleged defective condition of a state-controlled highway must, in order to be entitled to such award, establish facts and circumstances from which it appears that an appropriation of the public revenues should be made by the Legislature.
This responsibility has not been met successfully by the claimant in the prosecution of the instant proceeding. It is realized that she has not only suffered extremely as a result of her accident and been subjected to heavy hospital, and other, expenses, but has in all probability sustained permanent injuries. These facts alone, however, are insufficient in the judgment of the members of the court of claims to recommend to the Legislature an appropriation in her favor to compensate her, so far as a monied allowance could compensate her, for her unfortunate accident. No prudent person would, we conclude, deliberately drive over a precipitous embankment and a large exposed rock on any part of a public highway.
An award in this case is, therefore, denied and the case dismissed.